Curia, per
Johnson, J.
Generally executors and ad~ ministrators, and others standing in the like situation, are liable to pay interest on funds which they have detained ^lelr possession. But it is clearly deducible from all the cases on the subject, that an exception is allowed in , , . . „ , those cases, when the exigency of the estate might re-‘I0’11'6 the immediate application of the funds to a different object. 1 Bro. C. C. 359. 375. 3 Bro. C. C. 73. 3 Desaus. Rep. 341. 4 Desaus. Rep. 464. 559. And the g00^ sense of it is well illustrated by the common occurrences of life. ■ A prudent man who was in the possession hr funds, and against whom an action was depending, the result of which was doubtful, or against whom there were demands which might be pressed upon him unexpectedly, would, on estimating the advantages or disad-va!Jtaoes that might result from the course to be pursued, generally come to the conclusion, that it was more for his interest to retain the fund, than to incur the hazard to which he would be exposed if he parted with it, . , . . although he might derive an interest from it.
The defendant, in this case, had assumed the responsibility of leasing the lands of which his intestate died possessed. Actions were commenced against his tenants to try the titles to the land ; and he was liable over to them for the damages and costs which might be recovered; the amount of which it was impossible he could foreknow ; and when and how they would terminate was equally a matter of conjecture. Pie stands, therefore, precisely in the situation in which the case supposed places the prudent man; and it is unreasonable that he should pay interest on the fund pending those actions, unless indeed it had been shewn that he had derived an interest from it, or applied it to his own.purposes.
It is therefore .ordered and decreed that it be referred to the Commissioner, to ascertain when the actions *251 brought by Patrick Dwncan, against the tenants of the defendant, were finally determined; and that the complainants be allowed interest on the balance arising from rents, in the hands of the defendant, only from that time. It has been alleged at the bar, that in the account stated by the Commissioner between the parties, interest has been allowed on the disbursements made by the defendant ; and if so, the Commissioner will expunge so much of it as arose prior to the determination of the cases above referred to.
Cost is a mat-[f0rn"^ equity even has been no g^atvioiation ot right costs may be de-1
In the Court "of Equity costs are said to be a matter of discretion; and in looking through this case, the Court is unable to discover that it has been improperly cised. A part of the fund arising from the personal estate, and which is still in his hands, was not paid over r when it should have been; and this fact, combined with other circumstances which enter into the case, takes away from the defendant any claim which he may have on the indulgence of the Court. This ground of the motion is therefore refused.

Decree reversed.